IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 MAY 25 PM 4:01

CLERK_____
SO. DIST. OF GA.

ISAAC CORELL GRIER,           )
                              )
    Plaintiff,            )
                              )
v.                            )   CV 111-001
                              )
JUDGE ROGER DUNNAWAY, et al., )
                              )
    Defendants.           )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Georgia State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2]

---

[1] The events giving rise to this case occurred in McDuffie County, Georgia.

[2] Plaintiff has not paid the initial filing fee of $4.76 as ordered by the Court on March 29, 2011. (Doc. no. 7.) Instead, Plaintiff submitted a copy of his prisoner trust account statement indicating that he had no money in his account as of April 20, 2011. (Doc. no. 8.) However, under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil

## I. BACKGROUND

Plaintiff names the following Defendants in his complaint: (1) Roger Dunnaway, Superior Court Judge; (2) Dennis Sanders, District Attorney; (3) Woody Davis, District Attorney; (4) FNU Grenade, District Attorney; (5) Anne Carroll, Public Defender; (6) Larry Adaway, Investigator; and (7) FNU Hinesworth, Superior Court Judge.[3] (Doc. no. 1, p. 1.) Plaintiff contends that "others who are criminals" were given access to his social security number through a "motion of discovery" while he was awaiting trial in September 2010. (Id. at 5.) Plaintiff claims that he gave "officials" his social security number, and later found out that others had access to it when he borrowed a copy of the "motion of discovery" from one of his co-defendants, and discovered that it contained his social security number. (Id.) Plaintiff expresses concern that his name and social security number will be used by others to perpetrate identity fraud. (Id.)

Plaintiff also asserts that he was charged with armed robbery on July 15, 2010, and was then charged with several more offenses a few months later. (Id. at 6.) Plaintiff further contends that his case "went before more than one grand jury," and that Defendant Carroll, his appointed attorney, failed to inform him of that fact. (Id.) In addition, Plaintiff claims

---

action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

[3]Plaintiff previously filed a complaint in this Court involving similar claims against five of the same defendants named in the instant action, which was dismissed for failure to state a claim upon which relief could be granted. Grier v. Lemley, CV 110-030, doc. no. 21, *adopted by* doc. no. 23 (S.D. Ga. Jan. 20, 2011.) In light of the similarity between Plaintiff's previous and current allegations, the Court draws liberally from its analysis addressing Plaintiff's previous complaint filed in CV 110-030.

that the victim of the armed robbery committed perjury by changing his statement to exonerate "the alleged gunman"- who is not Plaintiff. (Id.) Plaintiff alleges that the victim originally picked the alleged gunman out in a line up, but later changed his statement when he began dating the alleged gunman's sister. (Id.) Plaintiff contends that the "Judges" and the "D.A." allowed the victim to commit perjury without filing any charges against him. (Id.)

## II. DISCUSSION

### A. Failure to State a Claim Against Defendant Adaway

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that his complaint fails to state a claim for relief against Defendant Adaway. That is, while Plaintiff names this Defendant in the caption, he does not assert any allegations of wrong doing against Defendant Adaway in his statement of claims.

"Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal

3

particularity how overt acts of the defendant caused a legal wrong.")).

Here, Plaintiff does not allege any facts of wrongdoing against Defendant Adaway. Vague and conclusory allegations are not sufficient to state a claim. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (noting that vague and conclusory accusations are insufficient to state a civil rights claim). Indeed, Plaintiff never mentions Defendant Adaway beyond listing him as a Defendant. As such, Plaintiff fails to allege any wrongdoing by Defendant Adaway. Thus, in the absence of an allegation of a connection between any actions of Defendant Adaway with any alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant.

**B.     Failure to State a Claim Against Defendants Dunnaway and Hinesworth**

Plaintiff also fails to state a claim against Defendants Dunnaway and Hinesworth because, as judges, they are entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Defendants Dunnaway and Hinesworth were dealing with Plaintiff in a judicial capacity and whether the judges' conduct clearly fell outside their subject matter jurisdiction. See id. at 359-64.

As the complaint makes no allegation that Defendants Dunnaway and Hinesworth -

4

collectively labeled as "Judges"[4] in Plaintiff's complaint- acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether their actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff's allegations concern actions taken by the judges that relate to the criminal case against Plaintiff. Thus, their actions qualify as activity of a type usually performed by judges. Accordingly, Defendants Dunnaway and Hinesworth are entitled to absolute immunity, and Plaintiff's allegations against them fail to state a claim for relief.

### C. Failure to State a Claim Against Defendants Sanders, Davis, and Grenade

Likewise, Plaintiff fails to state a claim against Defendants Sanders, Davis, and Grenade, as they are entitled to immunity. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Id. (citation omitted). The allegations against Defendants Sanders, Davis, and Grenade- collectively referred to as "the D.A." in Plaintiff's complaint- only pertain to their traditional duties as counsel for the State in Plaintiff's criminal case, and therefore, they are entitled to absolute immunity. Accordingly, even assuming a causal connection, Plaintiff's allegations

---

[4]Additionally, the Court notes that Plaintiff's complaint also fails to specifically identify Defendants Dunnaway and Hinesworth or Defendants Sanders, Davis, and Grenade in the body of his complaint. Instead Plaintiff vaguely refers to these Defendants as "the Judges" and "the D.A." respectively. (Doc. no. 1, p. 6.) As noted, *infra*, these kinds of vague allegations are not sufficient to support a claim. See Fullman, 739 F.2d at 556-57.

against Defendants Sanders, Davis, and Grenade fail to state a claim for relief based on absolute immunity.

### D.   Failure to State a Claim Against Defendant Carroll

In addition, the Court finds that Plaintiff fails to state a claim against Defendant Carroll because she did not act under the color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, CV 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law).

By representing Plaintiff during the pretrial stage of his criminal case, Defendant Carroll was simply acting in accordance with her role as counsel to a defendant in a criminal

6

proceeding and thus is not a "person acting under color of state law." Therefore, Plaintiff's allegations against Defendant Carroll fail to state a claim for relief.

## III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of May, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE